**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4709**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERDELL EVANS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Margaret B. Seymour, District Judge.  (CR-02-612)

_____

Submitted: April 29, 2004                 Decided:  May 3, 2004

_____

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David B. Betts, LAW OFFICES OF DAVID B. BETTS, Columbia, South Carolina, for Appellant.  James Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina; Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Verdell Evans appeals his conviction by a jury of possession with intent to distribute more than five grams of crack cocaine and the district court's imposition of a 360-month term of imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Evans has filed a pro se supplemental brief. We affirm.

Counsel first questions whether the evidence at trial was sufficient to support the jury's verdict. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (defining "substantial evidence"). Our review of the record leads us to conclude that no plain error resulted from the jury's verdict of guilty. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (discussing standard of review); United States v. Russell, 221 F.3d 615, 618 (4th Cir. 2000) (discussing elements of offense); United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996) (finding that possession of 5.72 grams of crack, combined with other circumstantial evidence, was sufficient to support jury's inference of intent to distribute).

Counsel also questions the district court's refusal to grant Evans' motion for a downward departure. Where, as here, the district court was aware of its authority to depart and declined to do so, the court's refusal to depart is not reviewable on appeal. United States v. Edwards, 188 F.3d 230, 238-39 (4th Cir. 1999).

Finally, Evans challenges in his pro se supplemental brief the district court's classification of him as a career offender. We have reviewed Evans' claims and find no plain error. See Olano, 507 U.S. at 731-32.

As required by Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Evans' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED